# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 8, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOYCE A. HILL,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0865** (BOR Appeal No. 2048089)
(Claim No. 2008010970)

**JACKSON COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joyce A. Hill, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jackson County Board of Education, by H. Dill Battle III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 30, 2013, in which the Board affirmed a January 15, 2013, Order of the Workers' Compensation Office of Judges and clarified that if Ms. Hill has not been paid a total award of 10% permanent partial disability for complex regional pain syndrome then the claims administrator shall pay her a total of 10% permanent partial disability award. In its Order, the Office of Judges reversed the claims administrator's June 7, 2010, decision which granted Ms. Hill an additional 10% permanent partial disability award. The Office of Judges adjusted her award to 7% to account for her prior 3% permanent partial disability award related to the same condition. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Hill worked as a special service aid for the Jackson County Board of Education. On September 5, 2007, Ms. Hill fell while getting off a bus and injured her left ankle and both knees. The claim was initially held compensable for an unspecified fracture of the left ankle, and the

1

claims administrator granted Ms. Hill a 4% permanent partial disability award. The claims administrator later added complex regional pain syndrome as a compensable condition. Following this decision, Bruce A. Guberman, M.D., evaluated Ms. Hill. He determined that she had 4% whole person impairment related to her left ankle fracture and 3% whole person impairment for complex regional pain syndrome. Prasadarao B. Mukkamala, M.D., then evaluated Ms. Hill for her complex regional pain syndrome. Dr. Mukkamala determined that Ms. Hill had 40% sensory deficits under Section 4.4, Table 20 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Mukkamala determined that this amounted to 10% whole person impairment. On June 7, 2010, the claims administrator granted Ms. Hill a 10% permanent partial disability award for her complex regional pain syndrome based on Dr. Mukkamala's evaluation. In a protest of a separate claims administrator decision, the Office of Judges granted Ms. Hill a 3% permanent partial disability award for her complex regional pain syndrome in addition to the 4% permanent partial disability award she was granted for her ankle fracture. The Board of Review affirmed the Order of the Office of Judges.

James M. Dauphin, M.D., also evaluated Ms. Hill. He found that her condition could not be properly evaluated under the American Medical Association's *Guides*. Dr. Dauphin applied Section 4.3, Table 13 of the American Medical Association's *Guides* and the American Medical Association's *The Guides Casebook* (2nd ed. 2002) and determined that Ms. Hill had 19% whole person impairment because she had difficulty walking on uneven surfaces. Dr. Mukkamala prepared a supplemental report, in which he found that Dr. Dauphin's impairment recommendation was erroneous. Dr. Mukkamala determined that the table Dr. Dauphin applied in evaluating the impairment related to Ms. Hill's complex regional pain syndrome was generally used for evaluation of spinal cord injuries. Dr. Mukkamala repeated his 10% whole person impairment recommendation. On January 15, 2013, the Office of Judges reversed the claims administrator's June 7, 2010, decision and granted Ms. Hill a 7% permanent partial disability award. The Board of Review affirmed the Order of the Office of Judges on July 30, 2013, leading Ms. Hill to appeal.

The Office of Judges concluded that the grant of a 10% permanent partial disability award should be reversed because Ms. Hill had already received a 3% permanent partial disability award for the same condition. The Office of Judges adjusted Ms. Hill's award to 7% to account for her prior award. The Office of Judges based this determination on the evaluation of Dr. Mukkamala, which it found was reliable. The Office of Judges also considered the evaluation of Dr. Dauphin, but it determined that his impairment recommendation was not as reliable as Dr. Mukkamala's. It found that Dr. Dauphin's use of the calculation method related to a spinal cord injury was not justified because the American Medical Association's *Guides* provided a procedure for evaluating the impairment related to complex regional pain syndrome. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Ms. Hill has not demonstrated that she is entitled to any greater than a 10% permanent partial disability award related to her complex regional pain syndrome. Because the Office of Judges has previously granted Ms. Hill a 3% permanent partial disability award related to this

condition, she is not entitled to any more than a 7% award. Dr. Mukkamala properly applied the American Medical Association's *Guides* in calculating Ms. Hill's impairment related to this condition. The Office of Judges was justified in relying on his opinion. Dr. Dauphin did not sufficiently explain his deviation from the recommended method of calculating complex regional pain syndrome. His application of Section 4.3, Table 13 of the American Medical Association's *Guides* was not adequately supported by the evidence in the record, and the Office of Judges was within its discretion in disregarding his opinion.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 8, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3